# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FORTINO A. LUNA,

:

    Petitioner,                                        Case No. 1:10-cv-284

:         District Judge Michael R. Barrett
  -vs-                                             Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Butler County Common Pleas Court on one count of trafficking in marijuana and sentenced to seven years imprisonment which he is serving in Respondent's custody.

Petitioner pleads the following grounds for relief:

> **Ground One**
>
> The state trial court erred to the prejudice of Petitioner in violation of his constitutional [rights] under the Fourth Amendment to United States Constitution by failing to grant the Petitioner['s] motion to suppress. The suppression hearing held by the trial court was not fair and deficient under law.
>
> **Supporting Facts:**
>
> The trial court erred in denying Petitioner's motion to suppress evidence recovered from his apartment pursuant to the search warrant. Petitioner contends the warrant was not supported by probable cause because the affidavit submitted by Detective David Stromberg of the West Chester Township Police Department contained uncorroborated hearsay from a confidential informant.

> **Ground Two:** The trial court erred to the prejudice of petitioner by failing to grant petitioner's motion for acquittal in violation of his constitutional rights under the Fourteenth Amendment to the United States Constitution.
>
> **Supporting Facts:** The Petitioner challenges the sufficiency of the evidence presented to the jury in his case that does not support the trafficking charge; the trial court erred by overruling his motion for acquittal under Crim. R. 29(A).
>
> **Ground Three:** The state trial court erred to the prejudice of petitioner in violation of his Fifth and Fourteenth Amendment to the United States Constitution by failing to grant his motion for a new trial.
>
> **Supporting Facts:** The Petitioner was denied his right to a fair trial as guaranteed by due process under the Fourteenth Amendment to the United States [Constitution] as a result of prosecutor misconduct during closing arguments. The Assistant Prosecutor's comments regarding the credibility of Petitioner and implication of the same concerning his trial counsel. During closing argument the prosecutor commits attacking Petitioners [sic] and his trial counsel's character is reprehensible and inflammatory to a degree as to influence the jury and the jury's attention away from the facts. The Prosecutor accused Petitioner and his trial counsel of attempting to "Fool the jury."

(Petition, Doc. No. 1, PageID 41-44.)

Respondent has filed a Return of Writ (Doc. No. 5) and Petitioner has filed no reply in support. Thus the case is ripe for decision.

**Ground One**

In his first ground for relief, Mr. Luna claims the search which resulted in recovery of the twenty-nine pounds of marijuana which formed the basis of his conviction violated his rights under the Fourth Amendment because the search warrant affidavit was not supported by probable cause.

-2-

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526. Although Petitioner asserts that the suppression hearing was "unfair" and "deficient under law," he provides no support for those claims. In fact a suppression hearing was held and the issue was preserved for consideration on appeal to both the Ohio Court of Appeals and the Ohio Supreme Court.

This Court concludes that Petitioner received a full and fair opportunity to litigate his Fourth Amendment claims in the Ohio courts. His first Ground for Relief should therefore be dismissed.

**Ground Two**

In his Second Ground for Relief, Mr. Lunda asserts his conviction is not supported by sufficient evidence. This does state a claim under the Fourteenth Amendment that is cognizable by this Court in a habeas corpus action. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was adopted as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

Again, Petitioner does not explain to this Court why he believes there was insufficient evidence for conviction. As the Court of Appeals found, the police discovered twenty-nine pounds of marijuana in his bedroom, a large portion of which had been re-packaged in smaller baggies, supporting an inference that it was to be sold. *State v. Luna*, Twelfth Dist. No. CA2008-04-0115, 2009 Ohio 3421, ¶¶ 2-5. On those facts, there was sufficient evidence to convict Petitioner and his

second Ground for Relief should be dismissed. Given this result, the Court need not decide Respondent's procedural default defense to this Ground for Relief.

## Ground Three

In his third Ground for Relief, Mr. Luna asserts his trial was infected with prosecutorial misconduct – unfair comment – which should have resulted in a new trial. In defending on this Ground for Relief, Respondent asserts Petitioner procedurally defaulted in presenting it to the state courts.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);

*Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010) *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001);.

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,*785 F.2d*,* at 138.

Ohio has a rule that, before a matter may be presented on appeal, it must have been presented to the trial court. This is usually referred to as the contemporaneous objection rule. *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1960), paragraph one of the syllabus; *see also State v. Mason*,

82 Ohio St. 3d 144, 162, 694 N.E.2d 932 (1998). The Twelfth District Court of Appeals applied this rule on direct appeal and refused to consider Petitioner's prosecutorial misconduct claim relating to inappropriate comments because the only misconduct claim which had been presented in the trial court in the motion for new trial was a claim about misstating the rules of evidence. *Luna, supra*, 2009 Ohio 3421, ¶¶ 41-45.

The Sixth Circuit has repeatedly held that Ohio's contemporaneous objection rule is an adequate and independent state ground of decision. *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

Because Petitioner procedurally defaulted in presenting his prosecutorial misconduct claim to the state courts, this Court may not reach the merits of that claim and it should be dismissed.

## Conclusion

On the basis of the foregoing analysis, it is respectfully recommended that the Petition in this case be dismissed with prejudice. Because reasonable jurists would not disagree with this

conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 29, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Luna Habeas R&R.wpd